# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DAVID PHAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 09-cv-97-GZS |
| | ) |
| NEW PAGE CORPORATION | ) |
| and RUMFORD PAPER COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTIONS IN LIMINE

Before the Court are: (1) Plaintiff's Motion in Limine Regarding Evidence of Mitigation (Docket # 52) ("Motion on Mitigation Evidence"); (2) Plaintiff's Motion in Limine Regarding Evidence of "Force Rankings" Completed by Defendants in 2002-2003 (Docket # 53) ("Motion on Force Rankings Evidence"); (3) Plaintiff's Motion in Limine Regarding Defendants' 2009 Layoffs and 2009 Shutdown of the Groundwood Area (Docket # 54) ("Motion on the 2009 Events"); (4) Plaintiff's Motion in Limine Regarding Plaintiff's Receipt of Unemployment Benefits (Docket # 55) ("Motion on Unemployment Benefits"); (5) Plaintiff's Motion in Limine Regarding Evidence Unrelated to the Decision at Issue in the Case (Docket # 56) ("Motion on Performance Evaluation Testimony"); (6) Defendants' Motion in Limine (Docket # 51) ("Motion on Legal Theories and Statistical Evidence"); (7) Defendants' Motion in Limine Regarding Evidence of Self-Insured Health Insurance Plan (Docket # 61) ("Motion on Health Plan"); and (8) Defendants' Motion in Limine Regarding Evidence of Age Analysis of the Hourly Work Force at Rumford Paper (Docket # 64) ("Motion on Hourly Work Force Evidence"). The Court will address each motion in limine in turn below.

I.      PLAINTIFF'S MOTIONS IN LIMINE

   1. Motion on Mitigation Evidence (Docket # 52)

This Motion is hereby DENIED subject to Defendants establishing a proper foundation for the testimony. The weight of the testimony and related evidence is a jury issue.

   2. Motion on Force Rankings Evidence (Docket # 53)

This Motion is hereby GRANTED and the Court preliminarily will EXCLUDE the 2002-2003 force ranking documentation and subject pursuant to F.R.E. 402 and 403.

This preliminary ruling is made without prejudice to Defendants' right to proffer at trial, outside of the hearing of the jury, regarding any evidence of the 2002-2003 "Force Rankings" of its salaried maintenance department employees as may be relevant to the case.

   3. Motion on the 2009 Events (Docket # 54)

This Motion is hereby GRANTED. This preliminary ruling is made without prejudice to Defendants right to proffer at trial, outside the hearing of the jury, regarding evidence relating to the 2009 layoffs and 2009 shutdown of the Groundwood Area, as the evidence may be relevant to the case.

   4. Motion on Unemployment Benefits (Docket # 55)

In light of the clear Maine Law Court precedent in Maine Human Rights Commission v. Department of Corrections, 474 A.2d 860 (Me. 1984), this Motion is hereby GRANTED. If at the end of the case, the Maine statutory claim has not survived, or if there is any basis on which the jury could find liability and damages on the federal claim(s) but not on the state claim, then Defendants can ask the Court to revisit the issue and to allow them to introduce evidence of the unemployment benefits at the end of the case.

5. Motion on Performance Evaluation Testimony (Docket # 56)

To the extent that any allegations and documentation with respect to Plaintiff and his work performance were <u>not</u> part of the decision-making process, this Motion is hereby GRANTED IN PART. This ruling is made without prejudice to Plaintiff renewing any specific objections at trial.

## II. DEFENDANTS' MOTIONS IN LIMINE

1. Motion on Legal Theories and Statistical Evidence (Docket # 51)

Via this Motion in Limine, Defendants request the Court to do three things: (a) exclude all evidence relating solely to Plaintiff's "Reduction in Force" ("RIF") theory; (b) exclude all evidence concerning the "integrated enterprise" issue; and (c) disallow the proposed expert testimony of Dr. Jonathan Goldstein. This Motion in Limine is hereby DENIED in part with additional rulings deferred. The three requests will be addressed in turn below.

a. RIF/Replacement Issue

The Court defers ruling on this request at this time. Evidence including the RIF and the replacement issue seem admissible to help the jury determine if discrimination occurred. Counsel are free to offer more specific objections at any time.

b. Integrated Enterprise Issue

This request is DENIED.

c. Dr. Goldstein's testimony

The Court defers ruling on this request at this time. The Court will rule on whether Dr. Goldstein can testify depending on the state of the evidence prior to his taking the stand. Neither side shall mention expert testimony regarding statistical evidence in its opening statement.

2. <u>Motion on Health Plan (Docket # 61)</u>

This Motion in Limine is hereby DENIED without prejudice. To the extent Plaintiff wishes to use this evidence, he must lay the foundation for its proper admission outside the presence of the jury, and Defendants may renew any objection to its admission at that time.

3. <u>Motion on Hourly Work Force Evidence (Docket # 64)</u>

This Motion in Limine is hereby DENIED without prejudice. To the extent Plaintiff wishes to use this evidence, he must lay the foundation for its proper admission outside the presence of the jury, and Defendants may renew any objection to its admission at that time.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 2nd day of July, 2010.